THE STATE OF NEW JERSEY, PLAINTIFF IN ERROR,
v. CHARLES T. PARKER ET AL., DEFENDANTS IN
ERROR.

When a certificate of the discharge of a mortgage, duly executed by the
executors of the mortgagee, is presented to a county clerk, he is not
bound to search for assignments of the mortgage before he makes the
statutory entry of discharge on the record.

On error to the Burlington Circuit Court.

For the plaintiff in error, *David J. Pancoast.*

For the defendants in error, *Mark R. Sooy.*

The opinion of the court was delivered by

REED, J.   This action was brought in the name of the
State of New Jersey to the use of Amos K. Ashby, against
Charles T. Parker, county clerk of Burlington, and the sure-
ties upon his official bond.

The gravamen of the complaint is that Parker entered a
discharge upon the margin of a record of a mortgage, when,
in fact, the mortgage had not been paid, and so misled Ashby
into purchasing the property, he believing that it was relieved
from the encumbrance of this mortgage.

The facts are these: In 1846 Joseph Vandegrift made a
mortgage upon certain real estate to William Bishop. The
mortgage was duly recorded. In 1860 this mortgage was
assigned to Caleb Gaskill. The assignment was duly recorded
March 2d, 1860. William Bishop, the assignor, died in 1887.
On December 28th, 1888, a certificate, signed and acknowl-
edged by the executors and devisees of William Bishop, was
presented that the mortgage had been satisfied and discharged.
The clerk wrote on the margin of the record of the mortgage,
" Discharged of record December 28, 1888, by certificate, see
Book A of Discharges of Mortgages 258, Charles T. Parker,

Clerk." In 1891 the plaintiff purchased the premises. A scrivener, acting for the purchaser, examined the record, but did not examine Book A of Discharges. Upon the faith of this examination, the plaintiff purchased the property. Afterwards, the trustee under the will of Caleb Gaskill established the mortgage as a still subsisting encumbrance in a foreclosure suit, and the plaintiff was compelled to pay the decree.

The statutory provisions under which the clerk acted in entering the discharge are sections 25 and 26 of the act concerning mortgages. The first of these sections is in this language: "That any mortgage which has been recorded or registered, or that may be hereafter recorded or registered, shall be discharged upon the record thereof by the officer in whose custody it shall be, whenever there shall be presented to him a certificate signed by the mortgagee, his heirs, executors, administrators or assigns, acknowledged or proved and certified in the manner prescribed by the act entitled 'An act respecting conveyances,' specifying that such mortgage has been paid, or otherwise satisfied and discharged." The second of these sections is in these words: "That every certificate and the proof or acknowledgment thereof shall be recorded at full length, and a reference made in the book and page containing such record in the minutes of the discharge of such mortgage, made by the officer upon the record thereof."

Was the clerk in fault in not searching for assignments of this mortgage when the certificate was presented? We think that the statute casts no such duty upon him.

The certificate was presented by the representative of a mortgagee, one of the class of persons upon the presentation of whose certificate the statute authorizes the entry on the record. The clerk is not paid for, nor is he by implication enjoined to search for, the purpose of ascertaining whether the mortgagee had parted with his interest in the mortgage; nor has he any judicial functions which would enable him to determine whether an assignment is valid or not, or whether it was made by the person purporting to execute it,

or made by mistake, or through the influence of fraudulent devices. There is no method provided for making such an investigation. His duty is marked out by the statute. This duty he performed when he received this certificate and made the statutory entries. The effect of the statutory scheme is to provide a notice to every searcher that such a certificate has been filed and where it may be found recorded in full. The effect of the instrument so recorded is left for the judgment of the searcher.

Judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS. **11.**

*For reversal*—None.